# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 3:12-bk-07555-JAF<br>Chapter 11 |
| RASHEED TOPEY, | |
| Debtor. | Adversary Case No.:_____ |
| | |
| RASHEED TOPEY, | |
| Plaintiff, | |
| v. | |
| U.S. BANK TRUST, N.A.;<br>CALIBER HOME LOANS, INC.; and<br>JPMORGAN CHASE, NATIONAL<br>ASSOCIATION, | |
| Defendants. | |

## COMPLAINT

**COMES NOW** the Plaintiff, RASHEED TOPEY. ("Mr. Topey", the "Debtor", or the "Plaintiff"), by and through the undersigned Counsel, and hereby sues U.S. BANK TRUST, N.A. ("USBT"); CALIBER HOME LOANS, INC. ("Caliber"), and JPMORGAN CHASE, NATIONAL ASSOCIATION ("JP Morgan") (collectively, the "Defendants") and alleges the following:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to Section 1334 of Title 28 of the United States Code, in that this proceeding arises in and is related to the above-captioned Chapter 11 case under Title 11 of the United States Code and concerns property of the Debtor's bankruptcy estate in that case.

2.      This is a core proceeding for which this Court has jurisdiction.

3.      Venue lies in this District pursuant to Section 1409(a) of Title 28 of the United States Code.

## PARTIES

4.      Plaintiff was a Debtor under chapter 11 of Title 11 in the above captioned bankruptcy case.

5.      USBT purports to be trustee for LSF9 Master Participation Trust, and is assignee of that certain mortgage dated February 29, 2008, which was executed by Plaintiff and Plaintiff's wife, Victoria Topey, to Mortgage Electronic Registration Systems, Inc. ("MERS"), as Nominee for Freedom Mortgage Corporation, its successors and assigns.  USBT's principal place of business is located at 13801 Wireless Way in Oklahoma City, Oklahoma 73134.

6.      Caliber is a mortgage lender and servicer who at all times material hereto was engaged in the business of obtaining and servicing consumer mortgage loans in Duval County, Florida, with a principal place of business located at 3701 Regent Blvd., Suite 200 in Irving, Texas 75063.

7.      JP Morgan is a mortgage lender and servicer who at all times material hereto was engaged in the business of obtaining and servicing consumer mortgage loans in Duval County, Florida, with a principal place of business located at 700 Kansas Lane, MC 8000 in Monroe, Louisiana 71203.

## GENERAL ALLEGATIONS

8.      On February 29, 2008, Plaintiff executed a note (the "Note") in the amount of $258,838.00, payable to Freedom Mortgage Corporation.  The Note was secured by a mortgage

(the "Mortgage") on Plaintiff's real property, located at 6302 Trimpe Lane in Jacksonville, Florida 32222.

9.      The Note and Mortgage were subsequently assigned to MERS, and later to JP Morgan, which became the holder of the Note and Mortgage, as well as the servicer of the Note and Mortgage.

10.      On November 21, 2012, the Debtor filed a Voluntary Petition under chapter 11 of Title 11 of the United States Code.

11.      On June 6, 2014, this Honorable Court entered its *Order Confirming Debtor's Amended Plan of Reorganization Dated December 1, 2013* (the "Confirmation Order").

12.      In the Confirmation Order, the Court confirmed that JP Morgan, as holder of the Note and Mortgage, would "receive deferred cash payments equal to $152,814.00 on a monthly basis amortizing over 120 months at an annual interest rate of 5.25%, with monthly payments of $1,639.57."

13.      On September 26, 2014, the Court entered a *Final Decree* and granted Plaintiff a Chapter 11 discharge of debts under §1141(d) of the Bankruptcy Code.

14.      On July 25, 2014, JP Morgan had assigned the Note and Mortgage to "Secretary of Housing and Urban Development, Washington, D.C. and his/her Successors and Assigns" ("HUD").  However, JP Morgan continued to service the Note and Mortgage.

15.      On August 27, 2014, and then again on September 15, 2014, Caliber mailed written "Notice of Sale of Ownership of Mortgage Loan" to Plaintiff and advised that LSF9 Master Participation Trust was the "new owner on August 15, 2014" of the Note and Mortgage. Copies of said Notices are attached hereto as **Composite Exhibit A**.

16.     Although Caliber identified itself as the servicer of the Note and Mortgage, Caliber later advised Plaintiff that Chase had remained the servicer of the Note and Mortgage until October 1, 2014.  *See* Correspondence from Caliber dated October 1, 2014, attached hereto as **Exhibit B**.

17.     On January 8, 2015, HUD executed a written Assignment of Mortgage, whereby it assigned the Note and Mortgage to USBT.  A copy of said Assignment is attached hereto as **Exhibit C**.

18.     On February 25, 2015, Caliber mailed a notice of default to Plaintiff, advising him that he was $100,493.94 in arrears on the Note and Mortgage.  A copy of this letter is attached hereto as **Exhibit D**.

19.     On March 1, 2015, pursuant to the Confirmation Order, Plaintiff mailed a check in the amount of $1,678.85 to Caliber.

20.     On March 16, 2015, Caliber returned this check to Plaintiff with a coverletter advising that the payment provided "Insufficient funds to cure default".

21.     Plaintiff attempted to make plan payments to Caliber again on April 1, 2015 and May 1, 2015, but both payments were returned to Plaintiff for the same reason it provided for the return of the March 2015 payment.

22.     Plaintiff acted diligently by contacting Caliber by telephone after receiving each of the above-described letters of correspondence from Caliber.  Plaintiff explained to Caliber's telephone representatives on numerous occasions that he had filed a Chapter 11 bankruptcy, and that pursuant to the Confirmation Order, his monthly payment was $1,639.57.  However, Caliber and its representatives never acknowledged their error.

23.    On June 2, 2015, after months of telephone conversations with Caliber's representatives, Plaintiff mailed a letter to Caliber, a contemporaneous reproduction of which is attached hereto as **Exhibit E**.

24.    On June 26, 2015, Caliber mailed a letter to Plaintiff, acknowledging receipt of his June 2, 2015 correspondence.  Caliber advised Plaintiff that it would "perform the necessary research and respond within the time period required by law.

25.    For the remainder of 2015, Caliber continued to mail Plaintiff monthly mortgage statements showing arrearages in excess of $100,000.00, despite Plaintiff's continued attempts to get Caliber's attention concerning Plaintiff's bankruptcy and the Confirmation Order.

26.    On March 14, 2016, USBT filed a mortgage foreclosure lawsuit (the "Complaint") against Plaintiff in the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida.  The case was assigned case number 16-2016-CA-1792.

27.    The Complaint alleged, *inter alia*, that:

The Note and Mortgage are in default.  The required installment payment of June 1, 2014, was not paid, and no subsequent payments have been made.  The last payment received was applied to the May 1, 2014 installment, and no subsequent payments have been applied to the loan.

28.    Plaintiff has retained the services of the undersigned Counsel and agreed to pay reasonable attorneys' fees and costs.

## COUNT I

29.    Plaintiff realleges paragraphs 1-28 as though fully set forth herein.

30.    USBT received actual notice of Plaintiff's Chapter 11 discharge.

31.    USBT knew that the bankruptcy discharge injunction was invoked as to the Plaintiff.

5

32.     USBT nevertheless engaged in extensive efforts to collect mortgage debt that had been discharged.

33.     Plaintiff notified USBT's foreclosure attorneys that Plaintiff had received a Chapter 11 bankruptcy discharge, but USBT has continued to prosecute the mortgage foreclosure Complaint.

34.     USBT's above-described conduct violated the discharge injunction.

35.     USBT's above-described conduct constitutes a willful violation of the discharge injunction.

36.     USBT's above-described conduct was intentional and egregious, warranting an award of punitive damages.

**WHEREFORE**, Plaintiff respectfully requests the following relief, as to USBT:

(a)     That this Honorable Court take jurisdiction over this proceeding;

(b)     That this Honorable Court find that USBT willfully and knowingly violated this Court's discharge injunction;

(c)     That this Honorable Court find that USBT's violation of this Court's discharge injunction were intentional and egregious;

(d)     That this Honorable Court award Plaintiff punitive damages against USBT;

(e)     That this Honorable Court award Plaintiff reasonable attorneys' fees and costs incurred in the preparation and prosecution of this adversary proceeding; and

(f)     That this Honorable Court find provides such other and further relief as this it deems just and proper.

## COUNT II

37.    Plaintiff realleges paragraphs 1-28 as though fully set forth herein.

38.    Caliber received actual notice of Plaintiff's Chapter 11 discharge.

39.    Caliber knew that the bankruptcy discharge injunction was invoked as to the Plaintiff.

40.    Caliber nevertheless engaged in extensive efforts to collect mortgage debt that had been discharged.

41.    Plaintiff notified Caliber repeatedly, orally via telephone and in writing, that Plaintiff had received a Chapter 11 bankruptcy discharge, but Caliber continued its attempts to collect Plaintiff's discharged mortgage debt.

42.    Caliber's above-described conduct violated the discharge injunction.

43.    Caliber's above-described conduct constitutes a willful violation of the discharge injunction.

44.    Caliber's above-described conduct was intentional and egregious, warranting an award of punitive damages.

**WHEREFORE**, Plaintiff respectfully requests the following relief, as to Caliber:

(a)    That this Honorable Court take jurisdiction over this proceeding;

(b)    That this Honorable Court find that Caliber willfully and knowingly violated this Court's discharge injunction;

(c)    That this Honorable Court find that Caliber's violation of this Court's discharge injunction were intentional and egregious;

(d)    That this Honorable Court award Plaintiff punitive damages against Caliber;

(e)     That this Honorable Court award Plaintiff reasonable attorneys' fees and costs incurred in the preparation and prosecution of this adversary proceeding; and

(f)     That this Honorable Court find provides such other and further relief as this it deems just and proper.

## COUNT III

45.     Plaintiff realleges paragraphs 1-28 as though fully set forth herein.

46.     JP Morgan received actual notice of Plaintiff's Chapter 11 discharge.

47.     JP Morgan knew that the bankruptcy discharge injunction was invoked as to the Plaintiff.

48.     JP Morgan, in its capacity as servicer of the Note and Mortgage, failed to properly account for payments that Plaintiff made pursuant to this Court's Confirmation Order.

49.     JP Morgan assigned its interest in the Note and Mortgage without apprising the assignee of the fact that Plaintiff was subject to a confirmed chapter 11 bankruptcy plan.

50.     JP Morgan's above-described conduct violated the discharge injunction.

51.     JP Morgan's above-described conduct constitutes a willful violation of the discharge injunction.

52.     JP Morgan's above-described conduct was intentional and egregious, warranting an award of punitive damages.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a)     That this Honorable Court take jurisdiction over this proceeding;

(b)     That this Honorable Court find that JP Morgan willfully and knowingly violated this Court's discharge injunction;

(c)     That this Honorable Court find that JP Morgan's violation of this Court's

discharge injunction were intentional and egregious;

(d)     That this Honorable Court award Plaintiff punitive damages against JP

Morgan;

(e)     That this Honorable Court award Plaintiff reasonable attorneys' fees and

costs incurred in the preparation and prosecution of this adversary

proceeding; and

(f)     That this Honorable Court find provides such other and further relief as

this it deems just and proper.

Dated May 31, 2016.                                    **THE BONDERUD LAW FIRM, P.A.**

*/s/ **Andrew Bonderud***
Andrew M. Bonderud, Esq.
Florida Bar No. 102178
301 W. Bay Street, #1433
Jacksonville, FL 32202
904-438-8082 (telephone)
904-800-1482 (facsimile)
E-Mail: BonderudLaw@gmail.com
*Counsel for Plaintiff*

9