**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:  Case No. 3:12-bk-07555-JAF

RASHEED TOPEY,  Chapter 11

    Debtor.  Adversary Case No. 3:16-ap-00115-JAF

_____/

RASHEED TOPEY,

    Plaintiff,

v.

U.S. BANK TRUST, N.A.;
CALIBER HOME LOANS, INC.; and
JPMORGAN CHASE, NATIONAL
ASSOCIATION,

    Defendants.

_____/

### DEFENDANT JPMORGAN CHASE BANK, NATIONAL ASSOCIATION'S AMENDED MOTION TO DISMISS COMPLAINT

> NOTICE OF OPPORTUNITY TO
> OBJECT AND REQUEST FOR HEARING
>
>     Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files a response within 14 days from the date set forth on the proof of service attached to this paper plus an additional three days for service. If you object to the relief requested in this paper, you must file your response with the Clerk of the Court at 300 North Hogan Street, Suite 3-150, Jacksonville, Florida 32202 and serve a copy on the movant's attorney, Michael D. Lessne, GrayRobinson, P.A., 401 E. Las Olas Blvd., Suite 1000, Ft. Lauderdale, FL 33301, and any other appropriate persons within the time allowed.
>
>     If you file and serve a response within the time permitted, the Court may schedule and notify you of a hearing, or the Court may consider the response and may grant or deny the relief requested without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

Defendant JPMorgan Chase Bank, N.A. ("Chase") moves to dismiss this adversary proceeding *with prejudice*, pursuant to Bankruptcy Rule 7012 and Federal Rule 12(b)(6), and states:

### I.     Introduction

1. Plaintiff, Chapter 11 debtor Rasheed Topey, filed a three-count complaint against US Bank Trust, N.A. Caliber Home Loans, and Chase, with each count a separate claim against each defendant individually for violating the discharge injunction. This motion addresses only Count III, the claim against Chase.

2. The complaint does not show that Chase took any action after the entry of the discharge on September 26, 2014. The allegations reflect that Chase was no longer servicing plaintiff's account by that time. The complaint fails to state a cause of action against Chase.

### II.    Pleading Standard for Motion to Dismiss

3. The complaint fails to meet the minimum "plausibility" pleading standard of Federal Rule 8(a)(2), as set forth by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), that shows that plaintiff is entitled to any relief against Chase. The Supreme Court in *Iqbal* described the two-pronged approach a court should take in considering a motion to dismiss under Federal Rule 12(b)(6). *Id.* at 679. First, a court should disregard the allegations that are merely legal conclusions, which are not entitled to the assumption of truth. *Id.* Second, it should identify the well-pleaded factual allegations, assume their truthfulness, and determine whether they plausibly state a claim upon which relief may be granted. *Id.*

4. A well-pleaded factual allegation is one that offers more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Id* at 678 (internal citations omitted). "To survive a

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable interference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id* at 1949 (*quoting Twombly*, 550 U.S. at 556). Facts "merely consistent with" a defendant's liability, "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 1949 (*quoting Twombly,* 550 U.S. at 557).

### III.   Elements for a Violation of the Discharge

5. In the case of *In re Nibbelink,* this Court explained that:

> Section 524 of the Bankruptcy Code operates as a post-discharge injunction against the collection of debts discharged in bankruptcy and is thus the embodiment of the Code's fresh start concept. *Hardy v. United States (In re Hardy)*, 97 F.3d 1384, 1388–1389 (11th Cir. 1996). Section 524 provides in relevant part:
>
> […]
>
> **(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor**, whether or not discharge of such debt is waived; 11 U.S.C. § 524 (West 2007).

*In re Nibbelink*, 403 B.R. 113, 119 (Bankr. M.D. Fla. 2009) (emphasis added).

6. The Court then set out the elements for a violation of the discharge: that the creditor (1) knew that the discharge injunction was invoked; and (2) intended the actions that violated the discharge injunction. *Id.* (*citing In re Hardy,* 97 F.3d at 1390); *see also Jove Eng'g Inc. v. IRS (In re Jove Eng'g Inc.)*, 92 F.3d 1539, 1555 (11th Cir. 1996) (*quoting Sizzler Family Steak Houses v. Western Sizzlin Steak House, Inc.*, 793 F.2d 1529, 1535 (11th Cir. 1986)) ("Willfulness generally connotes intentional action taken with at least callous indifference for the

3

consequences.")). Although there is no explicit authorization for money damages for a violation of the discharge injunction, actual damages may be available for contempt a creditor's willful violation. *Id.* at 119-120.[1]

### IV.     Consideration of Motion to Dismiss

7.     In this proceeding, plaintiff has alleged in Count III that Chase, the prior servicer of the loan at issue[2], willfully violated the discharge injunction in two ways: (1) by "fail[ing] to properly account for payments" that the debtor made on the loan pursuant to the confirmation order while Chase was the servicer, and (2) by assigning its interest in the mortgage debt "without apprising the assignee of the fact that Plaintiff was subject to a confirmed chapter 11 bankruptcy plan."[3]

8.     These allegations are unsupported assertions that should be disregarded:

a.     As to the allegation of improper accounting in violation of the discharge, plaintiff did not allege that it made *any* payment made to Chase, let alone one for which Chase did not properly account. Prior to the entry of the discharge on September 26, 2014[4], Caliber Home Loans, Inc. ("Caliber") sent notice (on August 27, 2014, and again on September 15, 2014) to plaintiff that the mortgage debt has been sold, that Caliber was the new servicer, and the new payment mailing address for Caliber[5]. It is simply <u>not</u> plausible that Chase received or improperly accounted for payments after the entry of the discharge on September 26, 2014.

---

[1] As noted in *Nibbelink,* the Supreme Court has urged courts to exercise caution in invoking its inherent contempt powers, and as a result, courts have grounded liability for violation of the discharge injunction on the other available avenue for relief, statutory contempt powers under Section 105 of the Bankruptcy Code. *Id.* at 120 (citing *In re Hardy*, 97 F.3d at 1389 and *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)). The reasoning for this is that Section 524 doesn't explicitly authorize monetary damages and the use of the Court's inherent powers should be exercised with restraint and discretion due to their potency. *Id.*
[2] *See Complaint,* ¶¶ 9, 15, 16.
[3] *Complaint,* ¶¶ 47-49.
[4] *Complaint,* ¶ 13.
[5] *Complaint,* ¶ 15 and Exhibit A.

  b. Similarly, there is no factual basis for the second allegation that Chase didn't advise of the bankruptcy case to the assignee of the mortgage debt in violation of the discharge. This is because Chase's assignment of the debt occurred before the discharge[6] and because plaintiff would have no knowledge of what Chase told (or didn't tell) the new owner or servicer or the mortgage loan.

9. Disregarding these unsupported assertions, there are <u>no</u> factual allegations that show that Chase took any action in violation of the discharge. All of the remaining allegations in the complaint involve actions taken by Caliber as the new servicer and US Bank Trust, N.A. (as trustee for the new owner).[7]

10. Despite that, the conclusory statements themselves—that Chase didn't properly account for payments and didn't advise the assignee of the debt of the bankruptcy—do <u>not</u> state a claim for violation for the discharge injunction. These are <u>not</u> actions taken after the entry of the discharge on September 26, 2014, and they are not attempts to collect a debt.

### V. Conclusion

11. For these reasons, Count III fails as a matter of law and Chase requests that the Court dismiss it and that the dismissal be *with prejudice*, because even if plaintiff's conclusory allegations could be upheld by amendment, the allegations themselves fail to state a cause of action for willful violation of the Section 524(a) discharge injunction.

**WHEREFORE**, the Defendants request the entry of an order dismissing the complaint *with prejudice*.

---

[6] *Complaint,* ¶ 14 (Chase assigned note and mortgage to Secretary of Housing and Urban Development, Washington, D.C. and his/her Successors and Assigns ("HUD") on July 25, 2014), ¶ 15 and Exhibit A (Caliber provides notice of sale of ownership of mortgage loan to new owner LSF9 Master Participation Trust ("LSF9") on August 15, 2014), ¶ 17 and Exhibit C (reflecting assignment of mortgage from HUD to U.S. Bank Trust, as Trustee for LSF9 on January 8, 2015).
[7] *See Complaint,* ¶¶ 18-27.

Dated: July 26, 2016.

**GRAYROBINSON, P.A.**
401 E. Las Olas Blvd., Suite 1000
Fort Lauderdale, FL  33301
Telephone:	(954) 761-8111
Facsimile:	(954) 761-8112
*Counsel for JPMorgan Chase Bank, National Association*
/s/ Michael D. Lessne
Michael D. Lessne
Fla. Bar No. 0073881
michael.lessne@gray-robinson.com

## CERTIFICATE OF SERVICE

I ERTIFY that a true copy of this Notice was served electronically upon all parties that have registered for the CM/ECF service list this 26th day of July, 2016.

/s/ Michael D. Lessne
Michael D. Lessne

\823538\5915 - # 4177739 v3